# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jimmy Seward, et al., | Case No. 0:20-cv-00093-JRT-KMM |
| Plaintiffs, | |
| v. | **ORDER ON MOTION** |
| Midwest Communication Services, Inc., et al., | |
| Defendants. | |

This matter came before the Court on Defendant's Motion for Protective Order. [ECF No. 60.] Defendant Dish Network Service, L.L.C., (Dish) argues that certain discovery sought by the Plaintiffs is not sufficiently relevant or proportional to the needs of the case and would be unduly burdensome to obtain, and that there is therefore good cause under Federal Rule of Civil Procedure 26(c)(1) for the Court to issue a protective order. Plaintiffs contend that the information they seek is discoverable, but offered in their briefing to compromise by limiting the scope of some of the language at issue.

The discovery requests at issue here include the following two deposition topics: (1) "Topic 6: Judicial or administrative investigations, inquiries, audits, or proceedings relating in any way to Defendants' pay practices for installation technicians during the past 10 years;" and (2) "Topic 7: Inquiries, complaints, or grievances from any person or entity about classification of installation technicians who performed work for either Defendant as an independent contractor versus employee or failure to pay overtime pay and any action Defendants took, considered taking, or decided not to take as a result." [Fisher Decl., Ex. 1

1

at 3, ECF No. 66.] Dish also challenges Plaintiffs' request for documents 15, which seeks "[a]ll documents related to any lawsuits, administrative proceedings, investigations, or inquiries into or against Defendants within the last ten (10) years regarding employee or Independent Contractor Compensation, time worked, or other potential wage and hour violations." [Fisher Decl., Ex. 8 at 18, ECF No. 66.]

At the December 10, 2020 hearing, after careful consideration of the parties' written and oral arguments, the Court made the following findings and denied Dish's motion in part and granted it in part from the bench:

**Relevance**

To limit discovery "fishing expeditions," the party requesting information must show that the information sought meets a threshold of relevance to the case. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Dish argues that, for several reasons, the discovery Plaintiffs seek is not relevant to any claim or defense in this case and therefore should be protected from discovery.

First, Dish notes that Plaintiffs' requests are nationwide in scope and argues that, because Plaintiffs' case is limited to installation technicians in Minnesota, information pertaining to events that occurred outside of Minnesota is irrelevant. The Court disagrees. As Plaintiffs point out, the extent to which Dish might have been involved in or the subject of any lawsuits or investigations regarding the misclassification of employees is relevant to the issue of willfulness. If an employer knew or had reckless disregard for whether its conduct violated the FLSA, its violation is deemed "willful" and the limitation on recovery is extended from two to three years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). If

the FLSA violation is ultimately proven in this case, whether Dish had been previously put on notice of the misclassification would be directly relevant to the question of whether that violation was willful. *See Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) (finding the employer's FLSA violation willful in part because he had actual notice of its mandates given that he "had been investigated for violations twice in the past"). This information is likewise highly relevant to an employer's good-faith defense to the otherwise-mandatory liquidated damages provided for by the FLSA. *See id.* ("[A] finding of willfulness is dispositive of the liquidated-damages issue."). Prior lawsuits, proceedings, and other such events in which Dish was previously involved, if any, would not be made less relevant to the issues of willfulness or good faith by the fact that they occurred in other jurisdictions, as the FLSA is a statute of nationwide application.

Dish also argues that the requested information is irrelevant because it is merely an alleged joint employer in this proceeding and that it is not its pay practices, but those of Defendant Midwest Communication Services, Inc., that are at issue. However, as the Court held in a recent order, this is not the proper stage for Dish to challenge its inclusion in this action or the role it did or did not play with respect to the Plaintiffs. *See Jackson v. Fed. Nat'l Mortg. Ass'n*, 181 F. Supp. 3d 1044, 1053 (D. Ga. 2016) ("Typically the joint employer doctrine is addressed at the decertification or summary judgment stage."); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 806 (D. Tex. 2010) ("In instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two

determination."). Because Dish's role in the conduct alleged in the complaint is still at issue, it is subject to relevant discovery requests.

**Undue Burden**

Dish also argues that producing the information Plaintiffs request would present an undue burden and expense and that there is therefore good cause for a protective order under Federal Rule of Civil Procedure 26(c)(1). In support of this argument, Dish specifically identified the ten-year window for which the information is sought and the broad language of the at-issue topics and requests. The Court agrees. However, in their memorandum in opposition to this motion, Plaintiffs offered to compromise by substantially narrowing some of the language at issue. [Mem. at 11, ECF No. 65.] These revisions include limiting the time period to five years and narrowing the language of the deposition topics and requests to be more precisely tailored to the needs of this case. [Mem. at 11, ECF No. 65.] The Court finds that the discovery requests and deposition topics, revised as Plaintiffs propose in their memorandum, do not present an undue burden or expense.

**ACCORDINGLY**, for the reasons stated herein, as well as those explained by the Court at the hearing on this motion, the Court hereby

1. **GRANTS** Dish's Motion for Protective Order [ECF No. 60] insofar as it applies to the ten-year time period for which the at-issue discovery requests and deposition topics seek information; and

2. Adopts the revised language Plaintiffs propose on page 11 of their Memorandum in Opposition to Dish's Motion for Protective Order [ECF No. 65] and

**DENIES** Dish's Motion for Protective Order [ECF No. 60] insofar as it applies to that revised language.

**IT IS SO ORDERED.**

Date: December 15, 2020

                                             *s/Katherine Menendez*
                                             Katherine Menendez
                                             United States Magistrate Judge